■ KATHERINE VILLA, Individually and as Mother and Natural Guardian of JOEL VILLA-FUENTES, an Infant, Respondent, v PAULA ARMSTRONG, Appellant. [987 NYS2d 914]—

In an action to recover damages for personal injuries, etc., the

defendant appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated October 8, 2013, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff's son did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendant failed to meet her prima facie burden of showing that the plaintiff's son did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that her son sustained a serious injury to his brain under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351). Since the defendant did not sustain her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff's son did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Mastro, J.P., Hall, Lott, Austin and Duffy, JJ., concur.